UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Howard Rutland III, *a/k/a William H. Rutland, III*, <br><br>                Plaintiff, <br><br>vs. <br><br>Wayne DeWitt, Berkeley County Sheriff; <br>Captain Barry Currie, Berkeley County Sheriff's Department; <br>Lieutenant Butch Rivers, Berkeley County Sheriff's Department; <br>Sargent Rosemary Sanders, Berkeley County Sheriff's Department; <br>Hill-Finklea Detention Center, <br><br>                Defendants. | C/A No.  8:09-13-SB-BHH <br><br><br><br><br><br><br><br><br><br><br>Report and Recommendation <br>for Partial Summary Dismissal |

The Plaintiff, William Howard Rutland, III (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Dorchester County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Plaintiff names the Hill-Finklea Detention Center and several employees of the Berkeley County Sheriff's Department as Defendants.[2] The pleadings should be dismissed against Defendant Hill-Finklea Detention Center for failure to state a claim upon which relief may

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

be granted. However, service of the pleadings on the remainder of the Defendants is recommended.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

*Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff filed a complaint against Defendants Wayne DeWitt, Barry Currie, Butch Rivers, and Rosemary Sanders on January 9, 2009. (Docket Entry No. 1). Plaintiff alleged that Defendant Sanders tampered with Plaintiff's "outgoing" legal mail between the dates of January 2008 and September 2008, and that Defendant Sanders, on an unspecified date, pushed Plaintiff down a stair-way. Plaintiff made a blanket statement that he was denied medical attention, but provided insufficient facts to support this allegation. Plaintiff, who requested monetary damages for the Defendants' actions, made no personal allegations against any of the other named Defendants in the originally filed complaint.

On January 22, 2009, an Order was filed directing Plaintiff to bring this case into proper form by providing service documents for all of the Defendants and by providing additional facts in the complaint's "statement of claim" section. (Docket Entry No. 6). Plaintiff complied with the Order on February 2, 2009, by submitting the requested service documents. Plaintiff also provided a statement of claim, which included sufficient facts against each Defendant named in the original complaint to warrant service of the case. (Docket Entry No. 8, and Additional Attachment No. 2 to original complaint). On February 4, 2009, Plaintiff submitted an amended complaint, which added Defendant Hill-Finklea Detention Center to the case. (Docket Entry No. 10). However, as discussed below, the Hill-Finklea Detention Center is not a proper Defendant in the instant action.

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

As indicated above, only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42

U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").  Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions.  *See Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn., Feb. 9, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991).

Plaintiff's amended complaint adds the Hill-Finklea Detention Center as a Defendant in this action.  However, the Hill-Finklea Detention Center, which is a facility used to house prisoners and detainees, is not a "person" amenable to suit under 42 U.S.C. § 1983. Hence, the Hill-Finklea Detention Center is not a proper defendant in this § 1983 action and is entitled to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint and amended complaint in the above-captioned case as to Defendant Hill-Finklea Detention Center *without prejudice* and without issuance and service of process for this Defendant. Process shall issue for service of process on the remaining Defendants. *See Denton v. Hernandez*, 504 U.S. at 31; Neitzke v. Williams, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.   Plaintiff's attention is directed to the important notice on the next page.

                                                       s/Bruce Howe Hendricks
                                                       United States Magistrate Judge

February 10, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P. O. Box 10768
>Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).