IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William Howard Rutland, #09030325 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Berkeley County Sheriff )<br>Wayne Dewitt, Capt. Barry )<br>Currie, Lt. Butch Rivers, )<br>and Sgt. Rosemary Sanders, )<br>)<br>Defendants. )<br>) | Civil Action No. 8:09-13-SB-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion for summary judgment (Dkt. # 31) and the plaintiff's motions for sanctions (Dkt. # 53) and appointment of counsel (Dkt. # 54).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on December 31, 2008, seeking damages for alleged civil rights violations. On May 1, 2009, the defendants filed a motion for summary judgment. By order filed May 4, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 3, 2009, the plaintiff filed a response opposing the defendants' summary judgment motion.

## FACTS

After the plaintiff filed his original complaint, the undersigned ordered him to provide sufficient factual information to support the blanket assertions that he had made in his original complaint that his constitutional rights had been violated. In an amended complaint filed on February 4, 2009 (Dkt. # 10), the plaintiff set forth several claims including a claim

that in December 2007, he was denied the service of an arrest warrant despite repeated requests for service. (Am. Compl. at 2.) He also alleged that the defendant Lt. Rivers refuses to investigate that his allegation that he was lynched by violent inmates who should not have been housed with non-violent inmates. (*Id.*)

The plaintiff also includes a laundry list of complaints relating to the prison conditions. (Am/ Compl. at 3.) Specifically, he alleged that he was denied:

1) visitation,

2) outside recreation,

3) hygiene items (such as nail clippers, tooth paste, soap, and shampoo),

4) medication,

5) a blanket,

6) medical treatment on September 5, 2008,

7) living conditions that were not overcrowded,

8) education, rehabilitative, or reading materials,

9) regular showers, exercise, or telephone during lockdown,

10) contact with girlfriend and child for 366 days,

11) balanced diet which did not include fruit,

12)  an environment free of intimidation,

13) work release,

14) toilet seats free of staph or other infectious germs,

15) showers free from fungus, and

16) supplies to clean toilets and showers.

(*Id.*) In an attachment, the plaintiff adds three additional claims. (Am. Compl. Ex. # 6 - Statement of Claim.)   First, he alleges that from January through September 2008, the defendant Sgt. Rosemary Sanders tampered with his legal mail. Second, he alleges that he was denied medical care after he sustained injuries at the BCDC on July 6, 2008. Third, he alleges that he sustained injuries after Sgt. Sanders pushed him down a wet stairway as

2

he exited a medical office, Palmetto Primary Care, on September 26, 2008. (*Id.*) He states to this day, his head and back aches as a result. (*Id.* at 4.) The plaintiff is seeking actual and punitive damages. (Orig. Compl.)

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

**Exhaustion**

The defendants contend that the plaintiff has failed to exhaust his administrative remedies. The undersigned agrees.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C.A. § 1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id.* (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Id.*

The exhaustion of administrative remedies is also required of pretrial detainees, such as the plaintiff here was, at all times relevant to his claims. *Bunch v. Nash*, 2009 WL 329884, at *4, n .2 (D.S.C. February 10, 2009); *Tate v. Anderson,* 2007 WL 28982, at *4 (D.S.C. January 3, 2007); *United States v. Al-Marri,* 239 F. Supp .2d 366, 367-68

4

(S.D.N.Y.2002) (holding pretrial detainee required to exhaust administrative remedies under PLRA before filing suit).[1]

Additionally, it is strictly enforced that exhaustion is a prerequisite to suit and must be completed prior to filing an action. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d at 677; *Cabbagestalk v. Ozmint,* 2007 WL 2822927 (D.S.C.2007); *see also Neal v. Goord,* 267 F.3d 116, 123 (2nd Cir. 2001) (holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirements, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."); *Jackson v. Dist. of Columbia,* 254 F.3d 262, 268-69 (D.C.Cir.2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999) (holding a "prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir.1999) (holding "[a]n inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 535 (7th Cir.1999) (holding "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

The defendants contends that the plaintiff did not file grievances concerning any of his claims. In his original complaint, the plaintiff stated that he had filed several grievances but that the defendants never responded. (Orig. Compl. at 2.) He also claims that he made verbal and written complaints but these generated "no result." (*Id.*) In his filings with this court, the plaintiff has included several grievances which he recently filed. (*See* Dkt. # 45 Attach. # 3; Dkt. # 51 Attachs. # 4 and 7; and Dkt. # 55 Attachs. # 2 and 4.) However, the

---

[1] Pretrial detainees are specifically included in this requirement pursuant to § 1997e(h), which defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."

plaintiff has not produced any evidence that he actually filed any grievances prior to filing this action. He has not submitted a copy of any written grievance form nor has he produced evidence of any steps he believes he took to follow-up on the status of any requests to staff or verbal complaints prior to the filing of this action. Certainly, the plaintiff has freely admitted to having filed the complaint without a final determination from the defendants, a prerequisite which is strictly enforced. *See Anderson v. XYZ Corr. Health Servs.,* Inc., 407 F.3d 674, 677 (4th Cir.2005); *Cabbagestalk v. Ozmint,* 2007 WL 2822927 (D.S.C.2007). Ultimately, there is no evidence of any actual grievances filed prior to the filing of this action as required. The defendants' evidence that the plaintiff has never exhausted his remedies prior to filing this action is completely unrebutted. Accordingly, the undersigned recommends dismissal for failure to exhaust administrative remedies.

Even if the plaintiff had exhausted his administrative remedies, however, the defendants are still entitled to summary judgment on several grounds. First, to the extent that the plaintiff seeks to recover from the defendants DeWitt, Currie, and Rivers based on their supervisory status, these defendants cannot be held liable under § 1983 based on a respondeat superior theory. *Wright v. Collins,* 766 F.2d 841, 850 (4th Cir.1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (*quoting Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir.1977)).

To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994). The plaintiff has not alleged any facts demonstrating that any

6

of these defendants were personally involved in the incidents about which he complains nor has he alleged that these defendants had knowledge of a risk and acted indifferently. Rather, it appears that he believes that these defendants are liable due to their status as administrators of the facility. Mere awareness of a complaint is not sufficient to show "knowledge that a subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury," which is the first prong of the supervisory liability standard. *Shaw,* 13 F.3d at 799. *See also Shelly v. Johnson,* 684 F.Supp. 941, 946 (W.D.Mich.1987) (holding that merely bringing problem to attention of supervisory official is not sufficient to impose liability).

As to his medical indifference claims, the Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id.* Under these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the defendants. The plaintiff has also failed to allege any injury relating to his medical indifference claims. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.")

As to the plaintiff's allegations regarding the conditions of his confinement, confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. The plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.1993). Further, the plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from challenged conditions to withstand

summary judgment. *Id.* at 1380-1381. To survive summary judgment, the plaintiff must show more than de minimis pain or injury. The plaintiff has not alleged or provided any evidence of physical injury. Without a physical injury, the plaintiff has failed to state a claim based upon the prison's conditions.

As to the plaintiff's mail tampering claim, to state a claim based on delay or non-delivery of legal mail, an inmate must "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *White v. White,* 886 F.2d 721, 723 (4th Cir.1989). The prisoner must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. *Lewis v. Casey,* 518 U.S. 343, 351-52 (1996). Here, the plaintiff's claim fails because he has not demonstrated that the alleged interference with his legal mail caused him to suffer any actual injury or prejudice. The plaintiff does not state what, if any, adverse consequences he suffered as a result of the alleged failure to post his legal mail. *See White,* 886 F.2d at 724. The plaintiff's claim should also be dismissed because has offered no competent evidence to substantiate his allegations that Sgt. Sander has tampered with his outgoing legal mail.

Finally, as to the plaintiff's claims of excessive force against Sgt. Sanders, to establish an excessive force claim, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. The subjective component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The objective component requires the inmate to prove that the use of force was more than de minimis or, in the alternative, that it was repugnant to the conscience of mankind. *Id.* at 9-10. De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir.1994).

8

Even accepting the plaintiff's allegations in regard to the excessive force claim against the defendant Sgt. Sanders as true, he has not submitted evidence from which a reasonable jury could find that his alleged injuries were more than de minimis. *See Riley v. Dorton,* 155 F.3d 479 (4th Cir.1998) (stating that "under the Fourteenth Amendment 'there is, of course, a de minimis level of imposition with which the Constitution is not concerned' ") (*quoting Ingraham v. Wright*, 430 U.S. 651, 674 (1977)). The plaintiff merely alleges his head and back ache. He has not submitted any medical evidence nor any evidence of a causal link between the alleged excessive force and his headaches and backaches. Accordingly, he has failed to state an excessive force claim.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 31) be GRANTED.

FURTHER IT IS RECOMMENDED, if the District Court adopts this report, that the Plaintiff's Motions for Sanctions (Dkt. # 53) and Appointment of Counsel (Dkt. # 54) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 23, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**