IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

William Howard Rutland, #09030325,  )
                                     )
                Plaintiff,           )
                                     )
v.                                   )   Civil Action No. 8:09-13-SB
                                     )
Berkeley County Sheriff              )
Wayne Dewitt, Capt. Barry            )        **ORDER**
Currie, Lt. Butch Rivers, and        )
Sgt. Rosemary Sanders,               )
                                     )
                Defendants.          )
_____)



This matter is before the Court upon the Plaintiff's pro se complaint, which was filed pursuant to 42 U.S.C. § 1983. The record contains the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' motion for summary judgment and deny the Plaintiff's other motions as moot. The Plaintiff filed objections to the R&R as well as various other motions, affidavits, and responses, and this matter is ripe for review.

## BACKGROUND

In this action, the Plaintiff complains that between January and September of 2008, Defendant Sanders tampered with his outgoing legal mail. He also claims that he was denied medical care after he sustained injuries on July 6, 2008, and that he sustained injuries after Defendant Sanders pushed him down a wet stairway as he exited a medical office on September 26, 2008. In addition to these claims, the Plaintiff asserts that he was denied the service of an arrest warrant in 2007 and that Defendant Rivers refused to

investigate an alleged lynching of the Plaintiff by violent inmates. In addition, the Plaintiff includes a laundry list of claims related to the prison conditions. Specifically, he asserts that he was denied: (1) visitation; (2) outside recreation; (3) hygiene items; (4) medication; (5) a blanket; (6) medical treatment on September 5, 2008; (7) living conditions that were not overcrowded; (8) education, rehabilitative, or reading materials; (9) regular showers, exercise, or telephone privileges during lockdown; (10) contact with his girlfriend for 366 days; (11) a balanced diet; (12) an environment free of intimidation; (13) work release; (14) toilet seats free of staph or other germs; (15) showers free from fungus; and (16) supplies to clean the toilets and showers.

The Defendants filed a motion for summary judgment, asserting that the Plaintiff has failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e; that the Plaintiff's claim of medical neglect fails under 42 U.S.C. § 1983; that the Plaintiff's claims related to the conditions of confinement do not rise to the level of a constitutional violation; and that the Plaintiff's claim that Defendant Sanders physically abused him fails under the Eighth Amendment and 42 U.S.C. § 1983.

## STANDARD OF REVIEW

### I. Summary Judgment

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "there is no genuine issue as to any material fact." The Court is not to weigh the evidence, but determine whether there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986). If no material dispute exists, summary judgment should be granted against the party who fails to make a showing sufficient to establish the

2

existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Const., Inc. 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.     The Magistrate Judge's R&R

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which the objection is made and the basis for such objection. Id.

## DISCUSSION



In the R&R, the Magistrate Judge first determined that the Plaintiff failed to exhaust his administrative remedies. Next, the Magistrate Judge determined that the Defendants would be entitled to summary judgment on several grounds even if the Plaintiff had exhausted his administrative remedies. Specifically, the Magistrate Judge found that the Plaintiff cannot recover from Defendants DeWitt, Currie, and Rivers based on their supervisory status because they cannot be held liable under § 1983 based on a respondeat superior theory. Next, the Magistrate Judge found that the Plaintiff failed to allege facts stating an actionable claim under § 1983 regarding his course of medical treatment. Third, the Magistrate Judge found that the Plaintiff failed to state an actionable claim based upon his conditions of confinement. With respect to the Plaintiff's mail tampering claim, the Magistrate Judge found that the Plaintiff failed to demonstrate any

actual injury or prejudice caused by the alleged tampering. Lastly, with respect to the Plaintiff's excessive force claims against Defendant Sanders, the Magistrate Judge found that the Plaintiff failed to demonstrate that his alleged injuries were more than de minimus in nature.

In his objections, the Plaintiff first claims that he has filed many grievances, but that he has not received responses, and he asks for an extension of time so that he can obtain copies of those grievances from his mother's residence. In addition, the Plaintiff rehashes the various claims he raised in his prior filings. The Plaintiff also asks that Defendants DeWitt, Currie, and Rivers be removed as Defendants from this action, and he asserts that Defendants Currie, Rivers, and Sanders perjured themselves in their affidavits.

In addition to filing objections, the Plaintiff filed a motion for court-appointed counsel, a motion for copies of all docket entries, an affidavit, two motions to amend his complaint, a motion for dismissal with prejudice, a letter requesting copies of certain statutes, and various other documents. Interestingly, in his motion for dismissal, the Plaintiff asks the Court to "end this suit and do so in a manner as to allow Plaintiff to re-file correctly, disregard objection(s) to R&R." (Entry 65 at 1.) Presumably, the Plaintiff wishes to voluntarily dismiss this action so that he may exhaust his administrative remedies and/or collect evidence demonstrating such exhaustion.

After a review of the record, including the Plaintiff's myriad filings, the Court agrees with the Magistrate Judge that the Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. As the Magistrate Judge noted, the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a § 1983 action concerning his confinement. Specifically, 42 U.S.C. § 1997e states:

4

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (1994 ed., Supp. V). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Anderson, 407 F.3d at 677 (citing Porter v. Nussle, 534 U.S. 516, 523 (2002)). "All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524.

Here, the Defendants have asserted the affirmative defense of failure to exhaust, and the Court has given the Plaintiff an extended period of time to respond to the defense. In response, the Plaintiff has requested extra time to collect his grievance forms, and he has even filed a motion to dismiss this action. In some of the Plaintiff's recent filings, he has included copies of grievances. Importantly, however, all of the attached grievances were filed after the Plaintiff initiated suit (and after the R&R was filed). In addition, although some of these grievances refer to matters at issue in this case, some raise new matters entirely. Moreover, in his motions to amend his complaint, the Plaintiff acknowledges that he has not received responses from any grievances that he claims to have filed prior to initiating suit.

Based on the record currently before the Court, including the Plaintiff's own motion to dismiss, the Court agrees with the Magistrate Judge that the Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 57) is adopted insofar as the Court dismisses the

5

Plaintiff's complaint without prejudice for failure to exhaust administrative remedies.[1] Any remaining motions are hereby denied as moot.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

January 25, 2010
Charleston, South Carolina

#6

---

[1] The Court notes that the Plaintiff filed fourteen lawsuits in 2009 and that many of these suits included the same parties and the same or substantially similar claims. Of these fourteen suits, at least three are still pending, and one includes claims against Defendant Sanders.